# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5695 | **DATE** | 10/4/2012 |
| **CASE TITLE** | Ross vs. RBS Citizens, N.A. et al. | | |

**DOCKET ENTRY TEXT**

Motion by defendants Citizens Financial Group, Inc., RBS Citizens, N.A. to compel Responses to defendants' first and second set of interrogatories and first request for the production of documents (#343) is denied. See statement section of this order for details.

■ [ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Discovery on the Rule 23 class closed on August 13, 2012. On September 14, 2012, defendants moved to compel responses to their first and second set of interrogatories and their first request for production of documents.[1] These documents request a variety of specific information from all 1,712 members of the putative class. In total, defendants seek to serve seven interrogatories (some with multiple sub-parts) and twenty-nine document requests on absent class members.

The Seventh Circuit has held that "absent class members may, under certain circumstances, be required to submit to discovery under Rules 33 and 34." *Brennan* v. *Midwestern United Life Ins. Co.*, 450 F.2d 999, 1004 (7th Cir. 1971). The movant must make a "strong showing" of the need for such discovery. *Enterprise Wall Paper Mfg. Co.* v. *Bodman*, 85 F.R.D. 325, 327 (S.D.N.Y. 1980). "[T]he majority of courts considering the scope of discovery against absent class members have granted discovery via interrogatories or document requests (1) where the information requested is relevant to the decision of common questions, (2) when the discovery requests are tendered in good faith and are not unduly burdensome and (3) when the information is not available from the class representative parties." *Transamerican Refining Corp.* v. *Dravo Corp.*, 139 F.R.D. 619, 621 (S.D. Tex. 1991). Courts that have allowed such discovery to proceed have typically done so on a sampling or otherwise limited basis. *See* MANUAL FOR COMPLEX LITIGATION (4th ed.) § 21.41.

The court remains unpersuaded that such discovery is necessary here. The question is whether Charter One broadly enforced an unlawful policy that denied employees earned-overtime compensation by (1) instructing employees not to record hours worked over 40 per week; (2) erasing or modifying employees' recorded overtime; (3) providing comp time instead of overtime; and (4) requiring employees to work during unpaid breaks. Defendants seek to ascertain from each absent class member how this policy was allegedly implemented, by whom and during what time period. The viability of the class IMWL claim, however, is determined by the experiences of the representative plaintiffs, not those of the absent class. Individualized

| STATEMENT |
|---|
| inquiries such as these undermine the effectiveness of the class action vehicle and do little to ensure the fair resolution of plaintiffs' claim.  Moreover, even assuming *arguendo* that defendants' requests are relevant to resolving the common question in this case, the court finds such requests to be unduly burdensome.  Defendants have moved to compel the production of a large amount of information from class members who are not actively participating in this case one month after the close of fact discovery.  Defendants' requests are not made in an easy to understand format such as a questionnaire and would undoubtedly require the assistance of legal counsel to complete.  Moreover, defendants have requested information from all 1,712 putative class members—a request that the court finds unreasonable on its face.  For these reasons, defendants' motion to compel (#343) is denied. |

1. Defendants failed to provide the court with copies of their interrogatories and document requests, although plaintiffs included them as exhibits to their response.